### 8908. ARLINE v. PEARSON.

LUKE, J. The plaintiff's petition makes substantially the following case: that Pearson, secretary and treasurer of the Grangerville Turpentine Company in 1914 owned considerable stock in the corporation; that he listed with the plaintiff the holdings of the corporation, consisting of several hundred acres of timbered land; that as a real estate broker the plaintiff advertised the land for sale, and among the prospective purchasers was one McMichael, to whom the corporation granted a 60-day option to purchase the property for $79,000; that in order to assist McMichael to exercise this option it became necessary for him to negotiate a loan; and, in order to negotiate the loan, it was necessary to dispose of the timber rights in such manner that the party from whom the money was borrowed might be assured that a certain amount would be realized from the timber; that in order to assist McMichael in borrowing the money, the plaintiff caused one McKinnon to investigate the property; that after the negotiation had been pending for some time the plaintiff and Pearson had a conversation and discussed the possibility of selling "the entire proposition" to McKinnon; that Pearson stated that if McKinnon bought the property and would only give $50,000 for it, the plaintiff's commission would have to be reduced from 5% to 3%; that the plaintiff then suggested that the price of the property be fixed at $51,500, in order that he might receive his full commission, and Pearson assented to this arrangement; that, relying upon said agreement and reposing confidence and trust in Pearson, he, in May, 1916, telephoned to Pearson that the chances of McMichael's compliance with the terms of the option were not good, and advised him to proceed with the sale to McKinnon; whereupon he stated that the stockholders of the Grangerville Turpentine Company would not accept less than $50,000 net to them, but agreed to hold the property at $51,500, in order that the plaintiff might secure as his compensation $1,500; that on the same day Pearson wrote to the plaintiff, withdrawing the property from his hands, for the purpose of preventing him from receiving any compensation; that in June, 1916, the stockholders

of the Grangerville Turpentine Company sold to McKinnon practically the entire stock of the corporation; that Pearson sold to McKinnon 95 shares of stock in the corporation at $300 per share; that the "petitioner shows that by the above deceptive means and fraudulent practice the said H. W. Pearson secured petitioner's services in disposing of his property and enriching himself, and now fails and refuses to pay petitioner any sum whatever for such services. Petitioner further shows that the said H. W. Pearson is indebted to him by reason of the above-stated facts in the sum of $1,500, this being the amount finally agreed upon between said Pearson and petitioner, after having failed to protect him in the collection of the full 5%, the said H. W. Pearson having agreed with petitioner to protect him in the sum, and having failed to do so, in violation of the trust and confidence imposed in him by petitioner and in violation of his agreement to do so." The defendant demurred generally and specially. *Held*, that the petition did not set forth a cause of action, and it was not error to sustain the demurrer and dismiss the suit.

            *Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*

                DECIDED NOVEMBER 1, 1917.

  Complaint; from Wayne superior court—Judge Highsmith. April 19, 1917.

  *H. P. Cobb, Gibbs & Turner,* for plaintiff.

  *James R. Thomas,* for defendant.